King *v.* Kenny.

BACON, for defendant.

---

## LAWRENCE KING *v.* NATHAN KENNY.

Original survey and orders in the commissioners' books are admissible evidence, in the place of authenticated copies.

THIS was a writ of error to the court of common pleas of Athens county, brought to reverse a judgment rendered in that court, in a case where the plaintiff in error was defendant, and the defendant in error plaintiff. It was an action of trespass with force and arms, for breaking and entering plaintiff's close, breaking down

King *v.* Kenny.

and carrying away fences, and for carrying away and converting rails. Plea, not guilty. Verdict and judgment for the plaintiff for five dollars and costs.

80] *At the trial, the defendant took a bill of exceptions to the admission of certain testimony offered by the plaintiff. The testimony offered and excepted to, consisted of the commissioners' books, containing the minutes of the proceedings of the commissioners in laying out a road, and the original report of the reviewers and plat of survey, without a record of either. Upon this bill of exceptions the writ of error was founded, and the error assigned was the admission of the testimony.

H. STANBERY, for plaintiff in error:

Section 4 of "the act for opening and regulating roads and highways," 22 Stat. 306, in directing the manner of laying out county roads, provides, among other things, that the line of the proposed road shall be viewed and surveyed, and that the survey and report of the viewers "be recorded, and from thenceforth such road shall be a public highway."

The language of this section is perfectly plain and explicit. It points out, distinctly, every step which is to be taken in the establishment of a road, and finally requires the plat and report (which show the location) to be recorded, and from thenceforth it is a highway.

This provision is capable of but one construction. Until the record is made there is no road. It is useless to inquire into the expediency of this enactment. The law is so written, and with that clearness of expression which concludes all argument, and makes manifest the intention of the legislature.

The plaintiff below attempted to prove the establishment of a county road according to the provisions of this statute; and for this purpose he offered the original report and survey, unconnected with any record of either. The court below held them to be proper evidence of the establishment of the road, and permitted them to go to the jury. It will be remarked that there was no attempt to show that these papers had ever been recorded; no foundation laid for their admissibility as secondary evidence. They are treated by the court as proper and independent evidence. 81] *Can the statute, by any latitude of construction, be reconciled with this decision? The legislature say that the record shall

be made, and then the road becomes a public highway. What, then, is the essential evidence of the establishment of the highway? Beyond question, it is the record. But the court below held the record to be immaterial—that it need not be shown to exist, and that the original unrecorded papers evidence the legal (in other words, the statutory) highway. It seems to me it were as well to hold the original files and minutes of a court the proper evidence of its proceedings—or an unregistered deed admissible, where the laws require it to be recorded.

It will be urged that if all the steps required by this statute are to be followed, great inconvenience will be felt, and many roads, now used as public highways, be vacated. And if it were admitted that these consequences are likely to follow, could that change the obvious construction of the law or the settled rules of evidence? The legislature fix the law and determine its policy; the court declare what has been enacted. It is true, and perfectly proper, that, in aid of a doubtful construction, arguments, from inconvenience, do apply; but where the law is express, the intent manifest, they, surely, can have no weight. But there is, in truth, no inconvenience in requiring that at least this clause of the statute be followed. The record is easily made, and furnishes lasting and satisfactory evidence of the true location of the road. In New York the statute regulating highways provides two modes by which public roads may be established. The first is where they are laid out by commissioners according to the directions of the act. The second is where they have been used as public highways for twenty years preceding March 21, 1797. The commissioners are to cause the highways laid out by them to be recorded. Under this act it seems to be admitted, as of course, that the record is essential in the establishment of a road by the commissioners. Colden *v.* Thurbur, 2 Johns. 424; Sage *v.* Barnes, 9 Johns. 365.

It may be further urged by the defendant in error, that if such strictness is required in proving the establishment of a road, no man can travel on the public highways without being in danger of an action of trespass. That argument *does not apply to [82 this case. Where a road is opened, and has been used as a public highway, the traveler who passes along it would hardly be liable to the action of the owner, or, if sued, be held to any other proof of justification than of the fact of its being so used. And for a very obvious reason. The owner of the soil, while he suffers it to remain

open and be used by the public as a highway, gives to the public a license to travel there. But the case presented by the bill of exceptions is totally different. There was no proof of a road in fact; no license or *user* shown. The plaintiff below undertook to prove the establishment of the highway according to law, and in that he failed.

It would follow, then, that if this statute is to have any effect, or to be expounded by the known rules of construction, the opinion of the court below was erroneous.

No argument was submitted for the defendant in error.

By the COURT:

The error complained of in this case is, the admission of original documents in evidence instead of authenticated copies. It is clear that the question, as presented in the record, is not a mere abstract proposition, as applicable to any other case as to this. In such cases, a bill of exceptions does not lay the foundation for a writ of error. 1 Cranch, 310. Another rule as to the bills of exceptions is, that the party excepting must distinctly point out wherein he may have been prejudiced by the decision excepted to. 2 Caine, 169; 8 Johns. 387.

But waiving this consideration, the court are called upon to determine the points, whether the original papers with the minutes of the commissioners are admissible evidence to show the establishment of a road, or whether the record makes the public highway. The statute declares, the commissioners shall cause the report, survey, and plat to be recorded, and from thenceforth the road shall be considered a public highway. The petitioners, the reviewers, the surveyor, and commissioners performed the whole duties under the law. The omission was in the clerk of the commissioners. It would seem unreasonable that such ministerial *nonfeasance* should render the whole 83] proceedings nugatory. *To authorize this construction for such omission would require precedent and authority; but, in fact, they are the other way. When all the requisites have been performed which authorize a recording officer to record any instrument whatever, it is in law considered as recorded, although the manual labor of writing it in a book kept for that purpose has not been performed. Marbury v. Madison, 1 Cran. 161; 10 East, 350. The commissioners holding a public office, and entitled to the cus-

tody of their own records, can not be compelled to produce the originals in court; but when presented they are as good evidence as copies can be, authenticated in the most ample forms of law. Courts, for a most obvious reason, will not compel the production of their own original records, as evidence for parties, or those of any other public officer; but have never refused to admit them on the grounds that they were not of as high a nature as copies. Indeed, it is a general rule, which admits of no single exception, that originals are good evidence where copies would be admitted. 1 Starkie Ev. 151. The authenticity of the copy can not be made more perfect than the record itself. A record, therefore, may be proved by mere production. It appears in this case the original documents were before the court, as well as the minutes, and we will not inquire how they came there. When these proceedings were found in the possession of the party offering them in evidence, the court below had no further inquiry than to reject or admit them.

Judgment of the court below affirmed.